UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**MILKA MARKOVIC**
5551 South Bonnie Lane
Hales Corners, WI 53130,

       Plaintiff,

v.

Case No. 14-cv-1170

**HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY**
Registered Agent
CT Corporation System
8040 Excelsior Drive, Suite 200
Madison, WI 53717

       Hartford.

## ANSWER

Defendant Hartford Life and Accident Insurance Company ("Hartford"), for its Answer to Plaintiff Milka Markovic's Complaint, states and alleges as follows:

Except as admitted, qualified or affirmatively alleged in this Answer, Hartford denies each and every allegation in Plaintiff's Complaint.

### PARTIES

1. Hartford admits, upon information and belief, the allegations contained in Paragraph 1 Plaintiff's Complaint.

2. Hartford admits the allegations contained in Paragraph 2 Plaintiff's Complaint, except to state that Group Long Term Disability Plan for Employees of Quad Graphics, Inc. (the "Plan"), is no longer a Defendant in this matter, having been voluntarily dismissed by Plaintiff.

3. With respect to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Hartford admits that it is a corporation organized under the laws of the State of Connecticut and is authorized to do business in the State of Wisconsin.

## JURISDICTION & VENUE

4. Hartford admits the allegations contained in Paragraph 4 of Plaintiff's Complaint, but only to the extent that they characterize the nature of Plaintiff's lawsuit. Hartford denies that Plaintiff is entitled to any relief.

5. Hartford admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. With respect to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Hartford admits that venue is proper in United States District Court for the Eastern District of Wisconsin. Hartford denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Hartford admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## FACTS

8. With respect to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Hartford admits only that Plaintiff became a participant in the Plan and was

eligible to receive, and did receive, long-term disability insurance benefits from February 19, 2012 through March 18, 2014. Hartford is without sufficient information or knowledge to form a belief as to whether Plaintiff became eligible for other types of employee benefits to the extent that the allegations contained in Paragraph 8 concern benefits other than those provided under the Plan.

9. Hartford admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Hartford admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Hartford admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. With respect to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Hartford admits that Plaintiff submitted medical documentation in support of her alleged continuing disability as a part of her administrative appeal. Hartford denies any implication in Paragraph 12 of Plaintiff's Complaint that Plaintiff continued to be disabled after March 18, 2014. Hartford is without sufficient information and knowledge to form a belief as to the truth of the allegation that Plaintiff submitted "complete medical documentation" as part of her appeal, and therefore denies the same.

13. Hartford is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14. Hartford denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Hartford denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Hartford denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Hartford denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Hartford denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Hartford denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Hartford denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Hartford denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Hartford denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Hartford denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Hartford is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint because the allegations are unclear. Consequently, Hartford denies the same.

25. Hartford denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF**
**SECTION 502(a)(1)(B) OF ERISA**

26. Hartford incorporates by reference its responses to Paragraphs 1through 25 of Plaintiff's Complaint as if fully restated herein.

27. Hartford denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Hartford denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Hartford denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. With respect to the allegations contained in Paragraph 30 of Plaintiff's Complaint, Hartford affirmatively alleges that the arbitrary and capricious standard of review is applicable to this case. Hartford denies that it arbitrarily and capriciously denied Plaintiff benefits.

31. Hartford denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Hartford denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Hartford denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Hartford denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Hartford denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. At all times and places mentioned in Plaintiff's Complaint, Hartford acted in a manner authorized and/or required by the applicable law and/or the terms of the Plan under which Plaintiff seeks benefits, which law and/or terms control Plaintiff's rights, if any, with regard to the matters alleged in her Complaint.

3. Hartford, at all times material hereto, handled Plaintiff's claim in a prompt, expedient and reasonable manner, and in light of the circumstances of which it is and was aware in compliance with the terms, conditions and limitations of the Plan.

4. If Plaintiff recovers any benefits in this action, then those benefits must be reduced by the amount of any other income benefits Plaintiff receives, or is or may be entitled to receive, pursuant to the terms of the Plan.

5. To the extent Plaintiff seeks a declaration of her continued eligibility for long-term disability benefits under the Plan, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

6. To the extent Plaintiff seeks such other and further relief that the Court deems just and equitable, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**WHEREFORE**, based upon the above, Hartford Life and Accident Insurance Company requests the following relief:

1. That the Court dismiss the claims of Plaintiff with prejudice;

2. That the Court award Hartford its costs, reasonable disbursements and attorneys' fees incurred herein; and

3. For whatever other relief is just and equitable.

Dated: November 17, 2014 By  s/Bradley J. Betlach
                                                  Bradley J. Betlach    Wis. Bar No. 1033446
                                                  Attorneys for Defendant
                                                  NILAN JOHNSON LEWIS PA
                                                  120 South Sixth Street, Suite 400
                                                  Minneapolis, MN  55402
                                                  Telephone:  (612) 305-7500
                                                  Facsimile:  (612) 305-7501
                                                  Email:    bbetlach@nilanjohnson.com